UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE VASQUEZ,  :
                                            :   Civil Action No. 07-988(PGS)
      Petitioner,  :

v.  :   OPINION

LYDELL B. SHERRER, et al.,  :

      Respondents.  :

**APPEARANCES:**

    GEORGE VASQUEZ, Petitioner <u>pro se</u>
    # 435084/410266B
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

    STEVEN E. BRAUN, ESQ.
    OFFICE OF THE PASSAIC COUNTY PROSECUTOR
    401 Grand Street
    Paterson, New Jersey 07505-2095
    Counsel for Respondents

**SHERIDAN**, District Judge

    Petitioner George Vasquez, a prisoner currently confined at Northern State Prison in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The named respondents are Prison Administrator Lydell B. Sherrer and the Attorney General of the State of New Jersey.

    For the reasons stated herein, the Petition will be dismissed without prejudice for failure to exhaust state court remedies.

## I. BACKGROUND

Petitioner, George Vasquez ("Vasquez"), states that he was convicted on June 7, 2002, before the Honorable Marilyn C. Clark, P.J.Cr., and a jury, in the Superior Court of New Jersey, Passaic County. He was convicted on weapons charges and harassment, and received an aggregate sentence of 14 years in prison. (Petition, ¶¶ 1-6).

Vasquez filed a direct appeal from his conviction and sentence. His conviction and sentence were affirmed by the Superior Court of New Jersey, Appellate Division, on October 5, 2004. A petition for certification to the Supreme Court of New Jersey was denied.[1] (Petition, ¶¶ 8, 9). Thereafter, Vasquez filed a petition for post-conviction relief ("PCR") in state court, claiming ineffective assistance of counsel, illegal sentence, illegal search and seizure, juror misconduct, conflict of interest, abuse of discretion and a speedy trial violation. (Petition, ¶¶ 10, 11). The state PCR court denied the petition, and Vasquez appealed to the Superior Court of New Jersey, Appellate Division. Both Vasquez and the respondents admit that the state PCR appeal is currently pending.

Vasquez filed this federal habeas petition on or about March 2, 2007. He asserts seven claims for habeas relief, including

---

[1] The habeas petition does not provide the date the certification to the New Jersey Supreme Court was denied.

2

claims of an illegal sentence based on judicial fact-finding concerning the use of a shotgun, for which petitioner was never charged or convicted; juror misconduct; a speedy trial violation; and ineffective assistance of counsel.

On May 16, 2007, respondents filed a motion to dismiss the petition on the ground that it is a mixed petition containing unexhausted claims. In particular, the State contends that petitioner's claim regarding the illegal sentence and ineffective assistance of counsel are unexhausted because they were not raised on direct appeal and are currently pending collateral review in state court.

The State further argues that Vasquez is not entitled to a stay and abeyance of his mixed petition while his state court appeal on the PCR petition is pending because Vasquez cannot demonstrate good cause in delaying the exhaustion of his state court remedies. In fact, the State shows that from September 16, 2005 until March 6, 2006, Vasquez was an escapee and did not pursue exhaustion of his state court remedies during this time.[2]

Vasquez has fairly inundated this Court with handwritten letter applications[3] asking that his petition be heard and that

---

[2] There is no defense advanced with respect to any time bar in bringing this federal habeas petition. Consequently, this Court presumes that the federal habeas petition was timely filed but not exhausted.

[3] Apparently, Vasquez is confined to administrative segregation and has access only to pen and paper.

this Court overlook the fact that his state PCR appeal is still pending. Principally, Vasquez argues that the Appellate Division is taking too long to render a decision on his PCR appeal. (See Docket Entry Nos. 16 through 22).

## II. ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[4] 28 U.S.C. § 2254(b)(1). See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.

---

[4] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts

5

must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, respondents have shown, and petitioner admits, that Vasquez has failed to exhaust his state court remedies before proceeding with this federal habeas petition. Vasquez concedes that his appeal from denial of his state PCR petition is still pending before the New Jersey Appellate Division. Moreover, some of the claims presented in this federal habeas petition also were raised in the state PCR proceeding. Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254. See Rose, 455 U.S. at 510.

In addition, this Court agrees with respondent that a "stay and abeyance" is not appropriate here. At the time Rose v. Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions. The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[5] however, "'has

---

[5] See 28 U.S.C. § 2244(d).

6

altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances. ... [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

7

> dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).[6]

Here, the State points out that any delay in petitioner's PCR proceedings was petitioner's own fault because he had escaped from confinement and was not apprehended for almost six months, time within which Vasquez could have pursued his state court remedies. Additionally, there is no indication that the one-year limitations period has run, thus the time that Vasquez's PCR appeal is pending tolls the limitation period until a final decision has been made by the highest state court.[7] See 28

---

[6] Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

[7] This Court presumes that there is no statute of limitations issue that would bar this petition now, otherwise the

8

U.S.C. § 2244(d)(2). Therefore, this Court finds no need to order a "stay and abeyance" while petitioner's state PCR appeal is pending. Petitioner is cautioned, however, that once the appeal is final, and if he does not prevail, he must file his federal habeas petition promptly to avoid a time limitations bar.

Accordingly, as it is clear that Vasquez has not exhausted his state court remedies, this petition must be dismissed without prejudice pursuant to 28 U.S.C. § 2254(b)(1).

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

---

State would have been obligated to raise it as an affirmative defense in its motion to dismiss.

9

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Vasquez has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust or have this Court issue a "stay and abeyance". The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as Vasquez has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

/s/ Peter M Sheridan
PETER G. SHERIDAN
United States District Judge

DATED: 12-3-07