NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE VASQUEZ,                           :
                                          :        Civil Action No. 07-988 (PGS)
                Petitioner,               :
                                          :
                v.                        :            **O P I N I O N**
                                          :
LYDELL B. SHERRER, et al.,                :
                                          :
                Respondents.              :

**APPEARANCES:**

        GEORGE VASQUEZ, Petitioner pro se
        #435084/410266-B
        Northern State Prison
        168 Frontage Road
        Newark, New Jersey 07114

        STEVEN E. BRAUN, ESQ.
        OFFICE OF THE PASSAIC COUNTY PROSECUTOR
        401 Grand Street
        Paterson, New Jersey 07505-2095

**SHERIDAN**, District Judge

        This matter comes before the Court upon pro se petitioner,

George Vasquez's ("Vasquez") letter motion for reconsideration of

this Court's December 4, 2007 Opinion and Order, which had

dismissed without prejudice his petition for a writ of habeas

corpus under 28 U.S.C. § 2254, for failure to exhaust state court

remedies.  Vasquez submitted his letter application on or about

May 27, 2008.[1]  (Docket Entry No. 27).

_____

        [1]  Vasquez's letter was not docketed until June 24, 2008.
Pursuant to the "prison mailbox rule," pleadings filed by

In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I.  BACKGROUND

On or about March 2, 2007, Vasquez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his June 2002 New Jersey state court conviction.  In his petition, Vasquez asserted seven claims for habeas relief, including claims of an illegal sentence based on judicial fact-finding concerning the use of a shotgun, for which Vasquez allegedly was never charged or convicted, juror misconduct, a speedy trial violation, and ineffective assistance of counsel.

---

prisoners are deemed filed on the date the prisoner delivers same to prison officials for mailing, not on the date the pleading is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Vasquez handed his motion for reconsideration to prison officials for mailing, the letter motion was dated by petitioner on May 28, 2008.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that May 27, 2008 was the date this motion was filed, and not the date the motion was docketed by the Clerk of the Court on June 24, 2008.

The State responded to Vasquez's petition by filing a motion to dismiss the petition for failure to exhaust state court remedies.  Specifically, the State noted that Vasquez's claims regarding the illegal sentence and ineffective assistance of counsel are unexhausted because the claims were not raised on direct appeal and were pending collateral review in state court at the time Vasquez filed his federal habeas petition.

In an Opinion and Order filed on December 4, 2007, this Court dismissed the petition without prejudice based on non-exhaustion of state court remedies.  Vasquez conceded that his appeal from denial of his state PCR petition was still pending before the New Jersey Appellate Division.  Moreover, some of the claims presented in his federal habeas petition also were raised in the state PCR proceeding.

This Court also declined to grant a "stay and abeyance" of the federal habeas petition until Vasquez's state PCR appeal resolved.  The Court considered the State's argument that any delay in Vasquez's state PCR proceedings was petitioner's own fault because he had escaped from confinement and was not apprehended for almost six months, time within which Vasquez could have pursued his state court remedies.  Additionally, this Court found that the one-year limitations period had not yet expired, and the time that Vasquez's state PCR appeal remains

3

pending would toll the limitation period until a final decision
has been made by the highest state court.  See 28 U.S.C.
§ 2244(d)(2).  However, this Court did caution Vasquez to file
his federal habeas petition promptly, once his state PCR appeal
becomes final, and if he does not prevail in that proceeding, to
avoid a time limitations bar.  (December 4, 2007 Opinion at pp.
6-9, Docket Entry No. 24).

     In a letter motion dated May 27, 2008 (Docket Entry No. 27),
Vasquez implored this Court to re-open his habeas action because
he believes that the Superior Court of New Jersey, Appellate
Division "will not respond or render a decision on [his] PCR
appeal."  He further contends that he was unsuccessful in his
first PCR proceeding because his files were lost.  Finally,
Vasquez complains that his prison term expires on October 31,
2008.  (Docket Entry No. 27).

     In a second letter to this Court, dated July 6, 2008,
(Docket Entry No. 28), Vasquez requests a "reversal" of this
Court's decision based on the fact that the Public Defender's
Office had lost his entire file before Vasquez's first PCR
hearing, thus prejudicing his PCR petition and his appeal because
he had to represent himself as a pro se litigant.[2]

---

     [2]  Vasquez forwarded to this Court the letter he received
from the Public Defender's Office regarding the request to
reconstruct his file.  (Docket Entry No. 29).

4

## II.  **ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(I) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(I); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original

6

hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(I) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Vasquez fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  Instead, Vasquez simply disagrees with this Court's assessment of the claims asserted in the habeas petition as unexhausted.

Vasquez appears to suggest that there is no reason to await the state court's decision on his PCR appeal because petitioner was not properly represented and his files were lost.  He also raises concern that he will be finished serving his sentence by the time his state court PCR appeal is determined, and thus, would be unable to seek federal habeas review at that later time because he no longer would be in custody.

This Court finds no merits to Vasquez's arguments.  First, this Court had determined that any delay in Vasquez's state PCR proceedings was occasioned by petitioner's escape from confinement for six months.  Second, Vasquez's concern with a delay in a judgment on his state PCR appeal appears to be nothing more than his impatience with the collateral review process itself, and because Vasquez wants a decision sooner than later before his sentence expires.  In this regard, Vasquez is impermissibly trying to circumvent state court review in order to challenge his state court conviction.  Any challenge to his conviction or sentence first must be exhausted before he can proceed in this federal habeas action.

Furthermore, Vasquez does not indicate that he has requested expedited review that was denied.  He simply recites a normal course of review that is applied generally, and does not show that this typical length of time for appellate review is being

8

applied specifically to his case without regard to any special circumstances, which petitioner also fails to allege here.

Consequently, Vasquez cannot satisfy the threshold for granting a motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Vasquez's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process.[3]  He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Vasquez's motion for reconsideration, and the motion will be denied for lack of merit.  An appropriate Order follows.

PETER G. SHERIDAN
United States District Judge

Dated:

8/25/08

---

[3]  This Court notes that Vasquez's PCR petition was denied on January 24, 2007, and that he appealed the decision on or about February 26, 2007..  (See Docket Entry No. 27).

9